Chamblin v. Soltani                    CV-93-210-SD  06/08/95
                    UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


John Chamblin

        v.                                     Civil No. 93-210-SD

Tony Soltani, individually



                            O R D E R


     By medium of order dated May 8, 1995, this court granted

defendants' motion for summary judgment[1] in its entirety save for

the claims asserted against defendant Tony Soltani in his

individual capacity.[2]

     Presently before the court is Soltani's motion for

reconsideration, to which no objection has been filed.

_____

        [1]As of said date, the named defendants included the Towns of
Northwood and Epsom, New Hampshire, as well as the following
individuals: John E. Allen; Ed Bryant, Jr.; Louis St. Pierre;
Marlyn R.P. Flanders; G. Fred Jacobs; Anthony Soltani; and Craig
Maloney.

        [2]As the court then noted, neither the docket nor the motion
then under consideration indicated with sufficient clarity
whether Soltani, in his individual capacity, was represented by
Attorney Upton.  Accordingly, the court's ruling only addressed
the claims against Soltani in his official capacity as a police
officer for the Town of Northwood.  Soltani's state-law
counterclaims for assault and battery were likewise unaffected by
said ruling.

Discussion

1.  Modification of May 8, 1995, Order

As part of the May 8, 1995, order, the court found and ruled "that defendant[] Soltani [is] entitled to qualified immunity with regard to [his] actions in effecting the arrest of plaintiff."  Order of May 8, 1995, at 35.  However, due to the aforementioned uncertainty regarding the nature and extent of his representation at that time, see supra note 2, the court did not grant summary judgment in his favor with respect to the individual capacity claims.

In moving for reconsideration, Soltani indicates that

> 1.  The [November 1, 1994] Motion for Summary Judgment was submitted on behalf of all of the Defendants individually and in their official capacities, including the Defendant Tony Soltani (See Defendants' Motion for Summary Judgment, Paragraph 4 and Memorandum of Law in Support of Motion for Summary Judgment, p. 18-24.
> 2.  The filing of an Appearance by Tony Soltani, Esq. in his official capacity was in addition to the representation of Soltani as a defendant by Robert Upton II, Esq. and not in lieu thereof.  (See Pretrial Statement of Tony F. Soltani, Paragraph N.)
> 3.  Participation in this action by Tony Soltani, Esq. was solely for the purpose of prosecuting his counterclaims for assault and battery.

Soltani's Motion for Reconsideration at 1.

Upon review and reconsideration of the docket in this matter, defendants' November 1, 1994, motion for summary

2

judgment, as well as the May 8, 1995, order, the court is satisfied with the averments now made and accordingly finds and rules that said November 1, 1994, motion for summary judgment was intended to reach the claims against Officer Soltani in his individual capacity. In accordance with said finding, the court herewith grants summary judgment on behalf of defendant Soltani, in his individual capacity, with respect to plaintiff's 42 U.S.C. § 1983 claims.

2. State-Law Claims and Counterclaims

As a consequence of today's ruling, plaintiff's federal claims are extinguished in their entirety and his state-law claims have lost their jurisdictional footing. Soltani's counterclaims, with respect to this federal forum, are placed in a similarly dubious position. See 28 U.S.C. § 1367(c) (1993).

The Supreme Court has limned that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims . . . ." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). This prudential course is as appropriate now as ever, and thus both (1) plaintiff's state-law claims against Soltani and (2) Soltani's counterclaims against plaintiff for

3

assault and battery against plaintiff are herewith dismissed without prejudice.

## Conclusion

For the reasons set forth herein, defendant Soltani's motion for reconsideration (document 40) is herewith granted.  This court's order of May 8, 1995, applies with equal force to defendant Soltani in his individual capacity and is herewith modified as follows: Summary judgment is granted as to all federal claims against defendant Soltani individually.  Furthermore, all state-law claims and counterclaims are dismissed without prejudice.  As all matters are now extinguished, the clerk of court shall enter judgment accordingly.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 8, 1995
cc:  John Chamblin, pro se
     Robert W. Upton II, Esq.
     Tony F. Soltani, Esq.

4